# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Bishop Ruben DeWayne,<br><br>                                          Debtor. | C/A No. 18-02163-DD<br><br>Adv. Pro. No. 18-80041-DD<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING** |
| Bishop Ruben DeWayne,<br><br>                                          Plaintiff,<br><br>v.<br><br>First National Bank of Arizona, c/o MERS, Inc., and J.P. Morgan Mortgage Acquisition Corp.,<br><br>                                        Defendants. | |

The plaintiff in this action, Bishop Ruben DeWayne, filed a chapter 7 bankruptcy case *pro se* on April 27, 2018. The chapter 7 trustee entered a report of no distribution on May 23, 2018. Mr. DeWayne commenced this adversary proceeding on June 7, 2018, naming First National Bank of Arizona, c/o MERS, Inc. and J.P. Morgan Mortgage Acquisition Corp. as defendants (the "Defendants"), seeking a declaratory judgment that Defendants are not the rightful owners of a note and mortgage and therefore lack standing to enforce them. Mr. DeWayne's causes of action relate to real property located at 53 Charlotte Street, Dorchester, Massachusetts (the "Property").[1]

---

[1] Mr. DeWayne's complaint asserts causes of action for unfair and deceptive business practices in commerce, asserting that the defendants engaged in unfair and deceptive acts to gain title to the Property; for "placed false and misleading information on recorded," asserting that J.P. Morgan Mortgage Acquisition Corp. had knowledge that First National Bank of Arizona and First National Bank of Nevada were defunct prior to MERS' assignment of the note and mortgage to J.P. Morgan Mortgage Acquisition Corp., and that therefore the assignment is void; for "placed false and misleading information on recorded," asserting that "Chase", by stating that J.P. Morgan Mortgage Acquisition Corp. was the holder of the note and mortgage, placed false and misleading information on the record which deceived the District Court in Massachusetts; and for slander and defamation of character, again asserting that false information was placed on the record. Additionally, the complaint seeks $500,000.00 in damages and a temporary injunction until Defendants are able to provide information proving their claims against the Property.

In 2007, Leitta Brooks purchased the Property. To finance the purchase, Ms. Brooks obtained a loan from First National Bank of Arizona, secured by a mortgage on the Property. Pursuant to the terms of the mortgage, Mortgage Electronic Registration Systems, Inc. ("MERS") was the mortgagee. First National Bank of Arizona merged with First National Bank of Nevada and was placed into receivership by the Federal Deposit Insurance Corporation in 2008. MERS subsequently assigned the note and mortgage to J.P. Morgan Mortgage Acquisition Corp. in 2014.

According to his complaint, Mr. DeWayne performed repairs and made improvements to the Property and after Ms. Brooks could not pay him for the work he performed, she transferred the Property to him as payment.[2] Mr. DeWayne then filed his first lawsuit in the United States District Court for the District of Massachusetts, naming First National Bank of Arizona, MERS, Inc., Citi Mortgage, and J.P. Morgan Mortgage Acquisition Corp., a/k/a known as JPMorgan Chase Bank, NA as defendants, asserting that the defendants engaged in fraud, and seeking a declaratory judgment regarding what entity was the current holder of the note and mortgage. The defendants in that action filed a motion to dismiss, which the United States District Court for the District of Massachusetts granted. The District Court found that Mr. DeWayne did not have standing to assert causes of action belonging to Ms. Brooks and further, that the causes of action Mr. DeWayne asserted were barred by *res judicata* based on Ms. Brooks' previous lawsuits. The court also found that Mr. DeWayne had failed to state a claim in his complaint and that there was no legal basis to grant him a declaratory judgment. Accordingly, the court dismissed Mr. DeWayne's lawsuit. *See B. Ruben DeWayne v. MERS, Inc. et al.*, C/A No. 1:15-cv-14245-IT, Docket No. 64 (D. Mass. Nov. 10, 2016). Mr. DeWayne filed a motion for reconsideration, which was denied. *Id.*, Docket No. 67 (D. Mass. Dec. 1, 2016).

---

[2] Prior to conveying the Property to Mr. DeWayne, Ms. Brooks filed two actions against JPMorgan Chase Bank, N.A. in the United States District Court for the District of Massachusetts. The District Court dismissed both complaints, and the First Circuit Court of Appeals affirmed both dismissals.

2

Mr. DeWayne then filed a case in Massachusetts state court, again seeking a declaratory judgment regarding the parties' rights relating to the Property. The case was removed to the United States District Court for the District of Massachusetts. The defendants named in the second case were MERS, Inc., J.P. Morgan Mortgage Acquisition Corp., and JPMorgan Chase Bank, N.A. Again, the named defendants filed a motion to dismiss, and again, the District Court granted the motion. The court found that because the causes of action were the same as those asserted in the previous lawsuit, *res judicata* barred Mr. DeWayne from again asserting those causes of action. *See B. Ruben DeWayne v. MERS, Inc. et al.*, C/A No. 1:17-cv-10139-IT, Docket No. 24 (D. Mass. July 12, 2017).

Mr. DeWayne filed a third lawsuit on April 12, 2018, naming J.P. Morgan Mortgage Acquisition Corp. and MERS as defendants. Mr. DeWayne initiated that action in state court, and it was removed to the United States District Court for the District of Massachusetts. Mr. DeWayne filed his bankruptcy case 15 days later. The complaint in the third action is entitled, "Petitioner's 93A Injunctive Complaint and Collateral Attack (For Lack of Standing)" and asserts substantially similar causes of action to the first two lawsuits. Again, the defendants Mr. DeWayne named in that lawsuit filed a motion to dismiss. The District Court has not yet heard that motion.

JPMorgan Chase Bank, N.A. (asserting that it is incorrectly identified as J.P. Morgan Mortgage Acquisition Corp.) and MERS filed the motion to dismiss this adversary proceeding on July 9, 2018. The motion asserts that the Court should dismiss this adversary proceeding for five reasons: (1) *res judicata*, (2) lack of standing, (3) lack of subject matter jurisdiction and improper venue, (4) the doctrine of abstention, and (5) failure to state a claim for which relief can be granted. Mr. DeWayne filed an objection to the motion to dismiss on July 27, 2018, to which Defendants, along with JPMorgan Chase Bank, N.A. filed a reply on August 2, 2018. Mr. DeWayne also filed a verified notice of default, asserting that J.P. Morgan Mortgage Acquisition Corp. is in default in this proceeding for failure to

answer, and a motion to strike JPMorgan Chase Bank, N.A. as a party.[3]  J.P. Morgan Mortgage Acquisition Corp. and JPMorgan Chase Bank, N.A. filed an objection to Mr. DeWayne's verified notice of default, stating that J.P. Morgan Mortgage Acquisition Corp. is a subsidiary of JPMorgan Chase Bank, N.A., who filed the motion to dismiss, and therefore is not in default.

The Court held a hearing on the motion to dismiss on August 9, 2018, at which both Mr. DeWayne and counsel for Defendants (this designation is being used for convenience – see the ensuing three paragraphs) appeared. At the conclusion of the hearing, the Court granted the motion to dismiss.[4]

As a preliminary matter, Mr. DeWayne complains that the parties who filed the motion to dismiss are different parties than those named in his complaint. At the hearing on the motion to dismiss, he further complained that the Court's calendar also listed the parties not named in the complaint. Counsel for Defendants stated at the hearing on the motion to dismiss that he filed the motion on behalf of MERS and on behalf of JPMorgan Chase Bank, N.A. and all of its subsidiaries, including J.P. Morgan Mortgage Acquisition Corporation. When counsel for Defendants filed the motion to dismiss in the Court's electronic filing system, he created an association between JPMorgan Chase Bank, N.A. and this adversary, which affected the way Defendants appeared on the Court's calendar. Essentially, parties

---

[3] Prior to the hearing on the motion to dismiss, there was communication between the undersigned's chambers and Mr. DeWayne, in which Mr. DeWayne was advised that to the extent the alleged default of J.P. Morgan Mortgage Acquisition Corp. needed to be addressed, the Court would address it at the hearing on the motion to dismiss. In light of this order, the Court did not need to reach the issue of J.P. Morgan Mortgage Acquisition Corp.'s default.

[4] Subsequent to the hearing, Mr. DeWayne filed additional documents with the Court. The first, filed on August 10, 2018, is titled "Plaintiff's Judicial Notice of Estoppel and Demand Against Granting Defendants' Motion to Dismiss the Adversary Complaint for Declaratory Judgment". That document advances the same arguments made at the hearing, but also asserts a claim of bias against the undersigned. The undersigned has no knowledge of this matter other than through this adversary. Both parties presented their arguments at the August 9 hearing, and the Court considered the documents relied upon by the parties in arriving at a decision on the motion. Accordingly, there is no basis for recusal. *See* 28 U.S.C. § 455 (setting forth the bases for recusal). Mr. DeWayne filed a document titled "Plaintiff's Motion for a More Definite Statement Under Judicial Notice For An Official Review For Granting Defendants' Motion to Dismiss The Adversary Complaint For Declaratory Judgment (As these Defendants Lack Standing)" on August 15. The document poses nine questions to the Court. A motion for a more definite statement is a remedy under Federal Rule of Civil Procedure 12(e), which states that a party may move for a more definite statement "of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Court's ruling at the hearing and this resulting order is not a pleading to which a responsive pleading is allowed, so a motion for a more definite statement is not procedurally proper. Additionally, the questions posed within the document are addressed within this order if necessary and relevant to this proceeding. Accordingly, the Court will take no further action on the motion for a more definite statement.

4

making an appearance and electronically filing documents in bankruptcy cases and adversary proceedings note appearances and associate parties (such as a trustee, United States trustee, or other interested party) to the electronic docket (CM/ECF) for noticing and other purposes. This does not affect status as a party plaintiff or party defendant, which is governed by procedural rules, including those on joinder (e.g., Fed. R. Civ. P. 19 and Fed. R. Bankr. P. 7019). The Court notes that counsel who filed the motion to dismiss on behalf of JPMorgan Chase Bank, N.A. and MERS, noted his appearance on the docket for both J.P. Morgan Mortgage Acquisition Corp. and JPMorgan Chase Bank, N.A.

The defendants in this action are First National Bank of Arizona, c/o MERS, and J.P. Morgan Mortgage Acquisition Corp. Mr. DeWayne is well aware and has repeatedly stated in his pleadings that First National Bank of Arizona is now defunct. Mr. DeWayne stated at the hearing on the motion to dismiss that he did not serve MERS with his complaint. While the motion to dismiss indicated that it was filed by JPMorgan Chase Bank, N.A., and counsel for Defendants indicated at the hearing that J.P. Morgan Mortgage Acquisition Corp. is a subsidiary of JPMorgan Chase Bank, N.A., no substitution of parties has occurred in this case. Thus, the defendants in this adversary proceeding remain those defendants that Mr. DeWayne named in his complaint.

For the reasons set forth below, the Court grants the motion to dismiss this adversary proceeding.

1. **Mr. DeWayne Lacks Standing to Pursue This Action.**

The United States District Court for the Eastern District of Virginia recently summarized the well-established law in the Fourth Circuit regarding a chapter 7 debtor's standing to assert claims against creditors, stating:

> Standing "is a threshold jurisdictional question," which ensures that a suit is "appropriate for the exercise of the courts' judicial powers. If a plaintiff does not have standing, federal courts lack subject matter jurisdiction. The plaintiff bears the burden to demonstrate standing. . . .
>
> When a person declares bankruptcy, his assets become part of [sic] bankruptcy estate, and fall under the control of the trustee in bankruptcy. The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the

5

> commencement of the case." The bankruptcy estate also includes "any interest in property that the estate acquires after the commencement of the case." The "property" of the estate includes legal claims and causes of action. This means that, in this case, any claims [the debtor] had when he filed for bankruptcy, and any claims that arose while he was in bankruptcy, belong to the estate.
>
> Upon the filing of a bankruptcy petition, the debtor relinquishes control over the estate, including all existing and potential legal claims, to the bankruptcy trustee. Accordingly, the trustee alone has standing to pursue claims that belong to the bankruptcy estate. A debtor may pursue claims that belong to the bankruptcy estate only if the trustee abandons them pursuant to 11 U.S.C. § 554. If the debtor fails to disclose a claim, it remains part of the bankruptcy estate even after the bankruptcy case has closed, and the trustee's failure to pursue the nondisclosed claim does not constitute abandonment by the trustee.

*Yarid v. Ocwen Loan Servicing, LLC et al.*, 2018 WL 3631883, at *2, *3 (E.D. Va. July 31, 2018) (internal citations omitted); *see also Canterbury v. J.P. Morgan Acquisition Corp.*, 958 F. Supp.2d 637, 650 (W.D. Va. 2013) ("It is settled law that unless and until a cause of action, contingent or matured, is properly scheduled, and subsequently abandoned, the claim remains property of the bankruptcy estate, even if the case has been closed, and the debtor lacks standing to pursue the claim."); *Sain v. HSBC Mortgage Services, Inc.*, 2009 WL 2858993, at *5 (D.S.C. Aug. 28, 2009) ("[A] cause of action becomes a part of the estate whether or not it is disclosed by the debtor."). Here, Mr. DeWayne's causes of action against Defendants existed prior to his bankruptcy filing, as he previously asserted them in three lawsuits in Maryland. However, Mr. DeWayne did not list any causes of action against Defendants in his bankruptcy schedules. In response to question 33 on Schedule A/B, which requires the debtor to list "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment," Mr. DeWayne listed, "Breach of Trust/Fraud, Negligence/Tort Claim, See Line 30." Under question 30, which requires the debtor to list "Other amounts someone owes you", Mr. DeWayne listed, "OPD Socrates Group LLC, 15000. State of SC 15000 City of Cola PD 15000." The only other claims listed on Mr. DeWayne's schedules appear in response to question 34 on Schedule A/B, where "Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims" are listed. In response to this question, Mr. DeWayne listed, "off-set SC Department of

6

Revenue Claim, See 2017CP4007649." Mr. DeWayne did not list causes of action against MERS, First National Bank of Arizona, or J.P. Morgan Mortgage Acquisition Corp. anywhere in his schedules.

On his Schedule D, where a debtor lists secured creditors, Mr. DeWayne listed a claim of JPMorgan Mort. Acq. Cor. in the amount of $760,000.00. He indicates that the nature of the lien is "An agreement you made (such as mortgage or secured car loan)" and that the claim is secured by the Property. He also lists a second claim of "JPMorganMortgageAquitionCorp" on his Schedule D, in the amount of $700,000.00, secured by a "3 Family House". He indicates that the nature of this lien is "Other". With respect to both claims, Mr. DeWayne checked the box indicating that these claims are disputed. Mr. DeWayne argued at the hearing on the motion to dismiss that because he checked this box, he had reported his causes of action against Defendants.

The Form Instructions for the official form bankruptcy schedules state, with respect to the disputed box on Schedule D, "A claim is *disputed* if you disagree about whether you owe the debt. For instance, if a bill collector demands payment for a bill you believe you already fully paid, you may describe the claim as disputed."[5] The debtor's listing of a claim as disputed on his schedules and therefore indicating that he disagrees about whether or not he owes the debt is not the same as listing a cause of action the debtor holds against a party on his Schedule A/B. The instructions require that "individuals filing for bankruptcy must list everything they own or have a legal or equitable interest in." Indicating that a debt listed is disputed is not sufficient to satisfy the requirement that the debtor list any causes of action he holds against third parties.

There is no dispute that whatever causes of action Mr. DeWayne asserts he holds against Defendants arose pre-petition. However, Mr. DeWayne did not disclose those causes of action on his Schedules. The chapter 7 trustee filed a report of no distribution, abandoning all scheduled assets in Mr.

---

[5] *See* Instructions, Bankruptcy Forms for Individuals, U.S. Bankruptcy Court, revised December 2017, available at http://www.uscourts.gov/forms/individual-debtors/schedule-d-creditors-who-hold-claims-secured-property-individuals (last visited August 23, 2018).

7

DeWayne's bankruptcy case. However, under Fourth Circuit law, because Mr. DeWayne did not list his causes of action against Defendants on his Schedules, the trustee did not abandon those causes of action. They remain part of the bankruptcy estate, and Mr. DeWayne has no standing to pursue them. Because Mr. DeWayne has no standing to pursue the causes of action he is attempting to assert in this adversary proceeding, the Court must dismiss the proceeding.

2. **Even if Mr. DeWayne Has Standing to Pursue This Action, It is Barred by Res Judicata.**

Even if the Court were to find that Mr. DeWayne has standing to pursue the causes of action asserted in this proceeding, the Court must still dismiss this adversary proceeding because the doctrine of *res judicata* bars the causes of action. "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, '[r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'" *Canterbury*, 958 F. Supp.2d at 645 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). For *res judicata* to apply, the following elements must be present: "'(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'" *Walls v. Wells Fargo Bank, N.A.*, 557 Fed. Appx. 231, 233 (4th Cir. 2014) (quoting *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004)). All of these elements are met.

The first element, whether there has been a final judgment on the merits in a prior suit, is satisfied. The District Court in Massachusetts granted motions to dismiss in both of Mr. DeWayne's Massachusetts lawsuits. The court dismissed the first lawsuit due to Mr. DeWayne's lack of standing and failure to state a claim. The court dismissed the second lawsuit pursuant to the doctrine of *res judicata*. Mr. DeWayne did not appeal these dismissals, and therefore they constitute final judgments on the merits. *See Airframe Systems, Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010) (stating that dismissal of a previous lawsuit for failure to state a claim was "plainly a final judgment on the merits").

8

With respect to the second element, an examination of the complaints filed by Mr. DeWayne in the Massachusetts lawsuits and this adversary proceeding reveal that the causes of action he is asserting in this action are nearly identical to those asserted in the previous lawsuits. In the first Massachusetts lawsuit, Mr. DeWayne requested a declaratory judgment regarding the amount owed on the note and mortgage and the actual holder of the note and mortgage. The second Massachusetts lawsuit again requested a declaration from the Court regarding what entity is the true holder of the note and mortgage. Finally, the third Massachusetts lawsuit again questioned what entity is the true holder of the note and mortgage. All three actions asserted the same causes of action using slightly different language. This adversary proceeding again attempts to assert the same causes of action and seeks the same relief as the Massachusetts lawsuits – a declaration regarding the true holder of the note and mortgage. The second element is satisfied.

Finally, the third element is also satisfied. Mr. DeWayne has been the plaintiff in all three lawsuits. MERS and J.P. Morgan Mortgage Acquisition Corp. have been defendants in all three lawsuits.[6] First National Bank of Arizona was a defendant in the first lawsuit. The parties in the previous lawsuits and this action are identical. All of the elements of *res judicata* are met. The Court must grant the motion to dismiss because this action is barred by the doctrine of *res judicata.* Because the Court has determined that it must dismiss the adversary proceeding on the grounds set forth above, the Court need not reach the remaining arguments in favor of dismissal.

## **CONCLUSION**

Mr. DeWayne asserts that J.P. Morgan Mortgage Acquisition Corp. is in default because JPMorgan Chase Bank, N.A., not J.P. Morgan Mortgage Acquisition Corp. filed the motion to dismiss. However, the default status of J.P. Morgan Mortgage Acquisition Corp. is immaterial. As discussed

---

[6] Interestingly, JPMorgan Chase Bank, N.A., one of the entities that filed the motion to dismiss and that Mr. DeWayne vehemently argues is not a party to this adversary, was named as a defendant by Mr. DeWayne in the first and second Massachusetts lawsuits.

above, Mr. DeWayne has no standing to assert the causes of action asserted in his complaint, and the doctrine of *res judicata* applies to bar Mr. DeWayne from asserting the causes of action against the defendants in this adversary proceeding, as well as the defendants named in the Massachusetts lawsuits. These principles preclude this adversary proceeding from continuing, whether J.P. Morgan Mortgage Acquisition Corp. is in default or not. The Court grants the motion to dismiss and dismisses this adversary proceeding.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/24/2018**



Entered: 08/24/2018

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina